PER CURIAM:
Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.
EDITH H. JONES, Chief Judge, together with E. GRADY JOLLY, JERRY E. SMITH, EDITH BROWN CLEMENT and OWEN, Circuit Judges, dissenting from the denial of rehearing en banc:
Part I of Judge Emilio Garza’s dissent, infra, explains well why the procedural and substantive flaws embodied in the Reliable panel opinion should have warranted en banc rehearing by this court. To summarize, Reliable extends Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003) without warrant;[1] conflicts with the decisions of other circuits; overrules sub silentio a prior controlling decision of this court; and ignores the obvious tension between its result and Supreme Court precedent upholding similar sexual device legislation. Far from being “compelled” by Lawrence to overturn the Texas sexual devices statute, the Reliable majority exploited the decision’s broad and vague statements about liberty while ignoring the Court’s self-imposed limits on its implications.
The Supreme Court alone will ultimately decide how far and on what basis Lawrence extends beyond the scope of conduct there given constitutional protection. It is not for lower courts, in our view, to lever *357 age Lawrence into overriding all sorts of “morals” laws in defiance of the democratic processes that produced them. Lawrence did not disavow Chief Justice Rehnquist’s admonition in Washington v. Glucksberg:
But we “ha[ve] always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this un-chartered area are scarce and open-ended.” Collins v. City of Harker Heights, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992). By extending constitutional protection to an asserted right or liberty interest, we, to a great extent, place the matter outside the arena of public debate and legislative action. We must therefore “exercise the utmost care whenever we are asked to break new ground in this field,” ibid,., lest the liberty interest protected by the Due Process clause be subtly transformed into the policy preferences of the Members of this Court. Moore v. City of East Cleveland, 431 U.S. 494, 502, 97 S.Ct. 1932, 1937, 52 L.Ed.2d 531 (1977) (plurality opinion).
521 U.S. 702, 720, 117 S.Ct. 2258, 2267-68, 138 L.Ed.2d 772 (1997) (full citations supplied). Whatever the policy preferences of the Reliable majority may be, I respectfully doubt that the Members of the Supreme Court intended Lawrence to place “outside the arena of public debate and legislative action” Texas’s prohibition (with exceptions) on selling sexual devices.
Because it is enough to differ with the majority’s extension of Lawrence in this case, we need not adopt parts II and III of Judge Garza’s dissent.

. As Judge Evans has noted, to argue that Lawrence condones every type of sexual practice trivializes that decision and "demeans the importance of its holding which deals a fatal blow to criminal laws aimed at punishing homosexuals.” Muth v. Frank, 412 F.3d 808, 819 (7th Cir.2005) (Evans, J., concurring).